UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARGARET KENTER MEACHAM,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

Case No. C16-1479-TSZ

**ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING THE CASE WITH PREJUDICE**

Margaret Kenter Meacham seeks review of the denial of her application for Supplemental Security Income (SSI). Ms. Meacham contends the ALJ erred in: (1) evaluating the medical opinions of treating physician Sarah Rogers, M.D., State Agency psychological consultant, Anita Peterson, Ph.D., and examining psychiatrist, James Hopfenbeck, M.D.; and (2) evaluating her own symptom testimony regarding pain and cramping in her hands. Dkt. 19. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the matter with prejudice.

## BACKGROUND

On November 20, 2013, Ms. Meacham applied for benefits, alleging disability as of February 1, 2009. Tr. 119, 533-38. At the hearing, Ms. Meacham amended her alleged onset

date to November 20, 2013.  Tr. 119.  Ms. Meacham's application was denied initially and on reconsideration.  Tr. 418-29.  After the ALJ conducted a hearing on March 5, 2015, the ALJ issued a decision finding Ms. Meacham not disabled.  Tr. 119-133.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:**  Ms. Meacham has not engaged in substantial gainful activity since November 20, 2013.

**Step two:**  Ms. Meacham has the following severe impairments: arthritis, hypertension, anxiety disorder, depression and cramp fasciculation syndrome.

**Step three:**  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:**  Ms. Meacham can lift and carry 10 pounds occasionally and less than 10 pounds frequently.  She can sit for about six hours and stand and/or walk for two hours in an eight-hour day with regular breaks.  She has unlimited ability to push and pull within these exertional limitations.  She can occasionally kneel, crawl and climb.  She has unlimited ability to balance and can frequently stoop and crouch.  She can occasionally reach overhead and frequently handle, finger and feel.  She can understand, remember and carry out simple, routine tasks as well as complex and detailed tasks.  She can have superficial contact with the general public and can work on specific work tasks with coworkers and supervisors.  She can adjust to simple workplace changes.

**Step four:**  Ms. Meacham can perform past relevant work as an accounts receivable clerk and, as such, is not disabled.

**Step five:**  Because the ALJ found Ms. Meacham not disabled at step four, she did not reach step five.

Tr. 119-133.  The Appeals Council denied Ms. Meacham's request for review making the ALJ's decision the Commissioner's final decision.  Tr. 1-7.[3]

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.
[3] The rest of the procedural history is not relevant to the outcome of the case and is thus omitted.

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 2

# DISCUSSION

**A.     Medical Opinion Evidence**

The ALJ must provide "clear and convincing reasons" to reject the uncontradicted opinion of a treating or examining doctor. *Lester v. Chater*, 81 F.3d 821, 830, 831 (9th Cir. 1996). When contradicted, a treating or examining doctor's opinion may not be rejected without "specific and legitimate reasons" that are supported by substantial evidence in the record. *Id.* An ALJ may reject the opinion of a non-examining doctor by referring to specific evidence in the record. *See Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998).

**1.     Sarah Rogers, M.D.**

Ms. Meacham contends the ALJ erred in discounting the treating opinion of Dr. Rogers. Dkt. 19 at 3-8. In December, 2013, Dr. Rogers opined that Ms. Meacham was quite impaired due to multiple significantly arthritic joints and that various sites of degenerative joint disease would significantly impair neck and shoulder movements, squatting, bending, prolonged standing or sitting, reaching up, pushing and pulling. Tr. 1412. She indicated that the constellation of arthritic problems would make it very difficult for Ms. Meacham to function in most occupations. *Id.* Dr. Rogers also completed a Department of Social and Health Services (DSHS) form opining that Ms. Meacham was overall "severely" limited, which is defined as "unable to meet the demands of sedentary work." Tr. 1409. Specifically, Dr. Rogers indicated that Ms. Meacham's osteoarthritis markedly limited[4] her ability to sit, stand, walk, lift, carry, handle, push, pull, reach, stoop and crouch. Tr. 1408. She opined that Ms. Meacham's C-6 radiculopathy markedly limited her ability to lift, carry, handle, push, pull and reach. *Id.* She

---

[4] A "marked" limitation is defined as very significant interference with the ability to perform one or more basic work-related activities. Tr. 1408.

opined that Ms. Meacham's cervical spinal stenosis markedly limited her ability to stand, walk, lift, carry, reach, stoop and crouch. *Id.*

The ALJ reasonably discounted Dr. Roger's opinion as inconsistent with and inadequately supported by her examination findings as well as the longitudinal record. Tr. 130. Contradiction between a treating physician's opinion and her treatment notes constitutes a specific and legitimate reason for rejecting that opinion. *See Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 692–93 (9th Cir. 2009). An ALJ may also discount a doctor's opinion that is inconsistent with the medical records. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Moreover, an ALJ "need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

Here, although Dr. Rogers opined that degenerative joint disease would significantly impair Ms. Meacham's neck and shoulder movements, squatting, bending, prolonged standing or sitting, reaching up, pushing and pulling, the ALJ notes that, on range of motion testing, Dr. Rogers,

> [r]eported the claimant had normal shoulder abduction and flexion and normal neck range of motion aside from lateral bending. The claimant had normal back range of motion except for mildly reduced extension. The longitudinal record shows the claimant typically presented with normal gait and upper and lower extremity strength except for the hands, which had no more than mildly reduced strength.

Tr. 130; *and see* 1401, 1410-11, 1512. While Dr. Rogers did note Ms. Meacham's x-rays and MRI showed severe disc space loss and neural foraminal narrowing in the cervical spine, this finding in and of itself does not establish extreme *functional* limitations. Tr. 1413. Other than the range of motion testing, which was largely normal, and the observation that Ms. Meacham

moved "stiffly" from the chair to exam table, Dr. Rogers' opinion is devoid of objective clinical findings supporting the numerous extreme functional limitations assessed. *Id.* Moreover, substantial evidence supports the ALJ's finding that Ms. Meacham typically presented with normal gait and upper and lower extremity strength except for the hands which showed only mildly reduced strength. Tr. 130 (citing 1401, 1404, 1512, 1538, 1542, 1545, 1549, 1560, 1567). The ALJ reasonably found this evidence undermined Dr. Rogers' opinion that she was markedly limited in virtually every physical category, including walking. The Court also notes that, although on the DSHS form Dr. Rogers opined that Ms. Meacham was "unable to meet the demands of sedentary work", her examination notes indicate only that Ms. Meacham's impairments would make it very difficult for her to function in "most occupations", not that she would be precluded from all work. Tr. 1409, 1412. Under the circumstances, the ALJ reasonably discounted Dr. Rogers' opinion as inconsistent with and inadequately supported by her examination findings as well as the longitudinal record.

      The ALJ also reasonably discounted Dr. Rogers' opinion as inconsistent with Ms. Meacham's demonstrated activities including grocery shopping by bus, doing housework, babysitting children once in a while, walking for exercise, and swimming. Tr. 130; *see Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 601–02 (9th Cir. 1999) (ALJ may reject medical opinion that is inconsistent with other evidence of record including claimant's statements regarding daily activities). The ALJ reasonably found Ms. Meacham's ability to engage in these activities inconsistent with the extreme level of limitation assessed by Dr. Rogers. For instance, grocery shopping by bus necessarily requires the ability to handle, lift and carry the purchased items, walk to and from the bus stop and throughout the store, as well as sit or stand for the duration of the bus trip. Even accepting Ms. Meacham's testimony that she would make

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 5

frequent smaller trips to the store unless she had help, the ALJ reasonably found her ability to engage in this rather strenuous activity inconsistent with Dr. Rogers' opinion that she was markedly limited in virtually every physical capacity category. Moreover, the ALJ could reasonably conclude that the ability to care for a young child and walk for exercise indicated a level of mobility and activity in excess of the marked limitations assessed by Dr. Rogers. *See Morgan*, 169 F.3d at 601–02 (finding claimant's ability to fix meals, do laundry, work in the yard, and occasionally care for his friend's child was evidence of claimant's ability to work).

In sum, the ALJ did not err in discounting Dr. Rogers' opinions.

### 2.     Anita Peterson, M.D.

Ms. Meacham contends the ALJ erred in rejecting the February 2014 opinion of non-examining State Agency consultant, Dr. Peterson, limiting her to simple work. Dkt. 19 at 8-12. In February 2014, Dr. Peterson reviewed Ms. Meacham's records and opined that Ms. Meacham could learn, remember and complete simple tasks at a pace and with a consistency acceptable within the normal tolerances of competitive employment.[5] Tr. 250. The ALJ gave limited weight to Dr. Peterson's opinion.

The ALJ properly discounted Dr. Peterson's opinion as inconsistent with other evidence of record connected to her current claim. *See Sousa*, 143 F.3d at 1244 (An ALJ may reject the opinion of a non-examining doctor by referring to specific evidence in the record.). Specifically, the ALJ notes that although Dr. Peterson limited Ms. Meacham to learning, remembering and completing simple tasks, Ms. Meacham herself stated in her 2014 Function Report that she could

---

[5] Dr. Peterson also offered opinions regarding Ms. Meacham's functional limitations in other areas. However, Ms. Meacham does not assign error to the ALJ's evaluation of these opinions and the Court will not raise any arguments on Ms. Meacham's behalf. *See Indep. Towers of Washington v. Washington*, 350 F.3d 925, 930 (9th Cir. 2003) (noting that the Ninth Circuit "has repeatedly admonished that we cannot manufacture arguments for an appellant and therefore we will not consider any claims that were not actually argued in appellant's opening brief.") (internal citation and quotation marks omitted).

"usually pay attention as long as necessary" and had no difficulty following written directions. Tr. 717; *see Morgan*, 169 F.3d at 601–02 (ALJ may reject medical opinion that is inconsistent with other evidence of record including claimant's statements regarding daily activities).

Ms. Meacham contends the ALJ erred in relying on her Function Report statement because she also described medication side-effects of drowsiness, dizziness and confusion, and stated that she usually did not finish what she started, sometimes had difficulty with spoken instructions, was nervous and jumpy and had a hard time handling stress. Dkt. 19 at 10; Tr. 718. She also argues that, while she may not have used the "magic words" to describe her limitations, elsewhere in the record she described symptoms such as chronic as well as episodic pain, insomnia, and fatigue and symptoms consistent with anxiety/PTSD and depression. Dkt. 19 at 9. Ms. Meacham contends that all of these symptoms/conditions affected her ability to concentrate. *Id.* Ms. Meacham's arguments amount to an alternative interpretation of the evidence but fail to establish the ALJ's interpretation was unreasonable. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.). Although Ms. Meacham reported various symptoms in her Function Report and elsewhere, she does not dispute that, despite alleging these symptoms, she also stated she was usually able to concentrate as long as necessary. Tr. 718. Accordingly, the ALJ reasonably discounted Dr. Peterson's opinion on this basis and the Court will not second-guess the ALJ's determination.

Ms. Meacham also appears to argue the ALJ erred in improperly discounting her testimony regarding the side effects of her medication on her ability to concentrate. Dkt. 19 at 9-10. However, the ALJ considered Ms. Meacham's testimony regarding medication side effects, as well as her mental health symptoms, and reasonably concluded they did not significantly

impact her ability to concentrate. Tr. 128-129. Specifically, the ALJ noted that although Ms. Meacham testified her medications made her very tired, dizzy, and confused, the treatment records did not reflect regular complaints of dizziness and treatment providers did not comment that she appeared overly tired or confused. Tr. 128. Moreover, the ALJ noted that Ms. Meacham's memory and concentration were intact on mental status examination (MSE) and medical records showed she "typically presented with normal memory, attention span and concentration." Tr. 129. *See Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."). Accordingly, this argument also fails to establish error.

The ALJ also reasonably discounted Dr. Peterson's opinion as inconsistent with the objective examination findings during the relevant period, specifically, Dr. Hopfenbeck's MSE results. Tr. 131. Ms. Meacham argues that an MSE is a snapshot of a claimant's overall mental functioning and does not measure a claimant's ability to concentrate over an extended period of time in a work setting. Dkt. 19 at 11. However, the ALJ cited Dr. Hopfenbeck's MSE results as representative of the longitudinal record relevant to the instant claim which, as he notes elsewhere, showed that Ms. Meacham "typically presented [on examination] with normal memory, attention span and concentration." Tr. 129. The ALJ reasonably discounted Dr. Peterson's opinion as inconsistent with these objective examination findings. Ms. Meacham also argues the ALJ erred in discounting Dr. Peterson's opinion based on Dr. Hopfenbeck's MSE because Dr. Hopfenbeck "effectively assessed Ms. Meacham with the same limitation to simple work that Dr. Peterson did." Dkt. 19 at 11. Dr. Hopfenbeck found Ms. Meacham moderately limited in the ability to understand, remember and persist in tasks by following detailed instructions and assessed marked limitations in various areas of concentration, persistence and

pace. Tr. 1427-1430.  However, as discussed below, the ALJ also properly discounted Dr. Hopfenbeck's opinions as inconsistent with and unsupported by his own clinical findings, including the MSE.  Accordingly, Ms. Meacham fails to establish the ALJ erred in discounting Dr. Peterson's opinion on this basis.

Finally, the ALJ also reasonably discounted Dr. Peterson's opinion in favor of, and afforded greater weight to, the opinion of State Agency psychological consultant Kristine Harrison, M.D.  Tr. 131.  Dr. Harrison opined that, although pain and psychiatric symptoms interfered with extended concentration and completion of a normal workday/workweek, Ms. Meacham could maintain attention to task for at least two-hour intervals through a normal workday/workweek and generally maintain adequate attendance/pace.  Tr. 268-269.  As the ALJ notes, Dr. Harrison did not limit Ms. Meacham to simple tasks, and because her opinion was more recent, she had the opportunity to review more of the records relevant to the instant claim.  Tr. 131.  The ALJ reasonably afforded greater weight to Dr. Harrison's opinion on this basis and Ms. Meacham does not challenge this finding.

In sum, the ALJ did not err in discounting Dr. Peterson's opinion.

### 3.  James Hopfenbeck, M.D.

Ms. Meacham contends the ALJ erred in discounting the opinion of Dr. Hopfenbeck. Dkt. 19 at 12-15.  Dr. Hopfenbeck performed a psychiatric evaluation of Ms. Meacham in December 2013, on referral from DSHS.  Tr. 1427-1430.  He diagnosed Ms. Meacham with posttraumatic stress disorder and major depression, moderate, recurrent.  Tr. 1428.  He found Ms. Meacham moderately limited in her ability to: understand, remember and persist in tasks by following detailed instructions; learn new tasks; adapt to changes in a routine work setting; ask simple questions or request assistance; maintain appropriate behavior in a work setting; and set

realistic goals and plan independently. Tr. 1429. He found Ms. Meacham markedly limited in her ability to: perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; perform routine tasks without special supervision; communicate and perform effectively in a work setting; and complete a normal work day and work week without interruptions from psychologically based symptoms. *Id.* Dr. Hopfenbeck stated that Ms. Meacham's physical impairments were beginning to eclipse her chronic and serious mental health problems and that she had chronic pain and was often unable to use her hands to any significant extent due to degeneration of her spine compressing nerve roots. *Id.* He stated that he doubted Ms. Meacham would ever be able to return to work. *Id.*

The ALJ discounted Dr. Hopfenbeck's opinion on the grounds that he "did not provide a significant rationale or cite any objective signs in support of the moderate and marked functional limitations he opined, which are not supported by the mental status examination findings he recorded." Tr. 130. This was a valid reason to reject Dr. Hopfenbeck's opinion and it is supported by substantial evidence. An ALJ need not accept a medical opinion that is brief, conclusory and inadequately supported by clinical findings. *Thomas*, 278 F.3d at 957. An ALJ may also discount a doctor's opinions where the doctor's opinions are not supported by his own medical records or his own clinical findings. *See Tommasetti*, 533 F.3d at 1041. Dr. Hopfenbeck's report makes the conclusory assertion that symptoms of depressed mood, panic/anxiety, nightmares/insomnia and social withdrawl would affect Ms. Meacham's ability to work by causing distraction, loss of focus, low energy, isolation, and avoidance. Tr. 1428. However, on the MSE Ms. Meacham was noted to be cooperative and maintain good eye contact and, although Dr. Hopfenbeck noted depressed mood and somewhat restricted affect, she was assessed within normal limits in all categories, including: thought process and content,

orientation, perception, memory, fund of knowledge, concentration, abstract thought, and insight and judgment. Tr. 1430. The ALJ reasonably found these benign clinical findings inconsistent with Dr. Hopfenbeck's opinion that Ms. Meacham's symptoms would cause the marked and moderate functional limitations assessed. The ALJ also noted that Dr. Hopfenbeck's report states that he reviewed only one medical report, a DSHS psychological evaluation performed in December 2011. Tr. 130. The ALJ reasonably concluded that, in light of Dr. Hopfenbeck's lack of objective clinical findings, his review of this one prior evaluation performed two years earlier was not sufficient to support his opinions as to Ms. Meacham's current significant functional limitations.

The ALJ separately discounted Dr. Hopfenbeck's opinions that social withdrawl would cause significant limitations as inconsistent with Ms. Meacham's demonstrated activities. Tr. 130. Specifically, the ALJ notes that Ms. Meacham "has a social life, denied problems getting along with family, friends, neighbors or others, and reported she got along fairly well with authority figures. She was babysitting children, is good friends with a neighbor, and has another friend that visits her a couple times per week. The claimant regularly walks for exercise, quilts, and goes to Lake Union in the summer months." Tr. 130. Ms. Meacham does not challenge this basis for discounting this portion of Dr. Hopfenbeck's opinions and it is valid and supported by substantial evidence.

The ALJ also properly discounted Dr. Hopfenbeck's opinions regarding her physical limitations, and the impact of those limitations on her mental health, as based to a large extent upon her less than fully credible self-reports. Tr. 130. The ALJ noted that Dr. Hopfenbeck did not perform a physical evaluation and his report does not indicate he reviewed any medical records related to Ms. Meacham's physical condition. *Id.* Thus, the ALJ reasonably concluded

that this portion of Dr. Hopfenbeck's opinion was based to a large extent on Ms. Meacham's self-reports and properly discounted it on that basis. Ms. Meacham also does not challenge this basis for discounting this portion of Dr. Hopfenbeck's opinions and it is valid and supported by substantial evidence.

In sum, the ALJ did not err in discounting Dr. Hopfenbeck's opinions.

**B.    Ms. Meacham's Symptom Testimony**

Ms. Meacham argues the ALJ erred in discounting her testimony regarding pain and cramping in her hands. Dkt. 19 at 15-19. The ALJ found the medical evidence of Ms. Meacham's underlying impairments might reasonably produce the symptoms alleged and did not find that Ms. Meacham was malingering. Tr. 17. Consequently, the ALJ was required to provide specific, clear and convincing reasons for rejecting Ms. Meacham's testimony. *Brown-Hunter v. Colvin*, 806 F.3d 487 (9th Cir. 2015). If the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas*, 278 F.3d at 959. Factors that an ALJ may consider in weighing a claimant's symptom testimony include inconsistencies in testimony or between testimony and conduct, daily activities, and unexplained or inadequately explained failure to seek treatment or follow a prescribed course of treatment. *Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007).

The ALJ reasonably discounted Ms. Meacham's testimony as inconsistent with the reports in the medical records, including her own reports of symptoms. Tr. 127. Specifically, the ALJ notes that although Ms. Meacham stated she was losing strength and control in her hands and that she had great difficulty gripping items and dropped things all the time, repeated physical examinations did not show hand cramping and showed at most a very mild reduction in hand strength, ranging from 4/5 to 5/5. *Id.* Ms. Meacham argues that her hand pain and

cramping was intermittent, implying that her symptoms would not necessarily be observable on examination. Dkt. 19 at 16. However, Ms. Meacham's statement in the Function Report the ALJ cites does not indicate that her loss of grip strength and frequent dropping of items is intermittent or that those symptoms only coincided with episodes of cramping. Tr. 729. Rather, Ms. Meacham states she has lost grip strength and drops things "all the time." *Id.* Moreover, Ms. Meacham testified that she experienced cramping almost daily and that almost anything could set off an episode even small activities such as washing dishes, unclipping a necklace, or brushing her hair. Tr. 96. However, no cramping was observed during examinations despite Ms. Meacham being required to use her hands for activities such as grip strength testing. On this record, the ALJ reasonably discounted Ms. Meacham's symptom testimony as inconsistent with the minimal and benign examination findings in the medical record, including Ms. Meacham's own reports of symptoms. At most Ms. Meacham's arguments amount to an alternative interpretation of the evidence but fail to establish the ALJ's interpretation was unreasonable. *See Thomas*, 278 F.3d at 954.

The ALJ also reasonably discounted Ms. Meacham's testimony as inconsistent with evidence that her symptoms had improved with medication. Tr. 127-128. Although Ms. Meacham testified at the hearing that she had not been able to paint, quilt and sew regularly for 18 months and had been unable to do so at all for the past 6 months, her medical records show that over the course of the year prior to the hearing, Ms. Meacham frequently reported improvement of her symptoms with medication.[6] Tr. 100, 1538 (June 2014, reported Tizanidine helps with cramping pain), 1541 (July 2014, reported carbemazepine helpful for arm cramping

---

[6] Ms. Meacham acknowledged at the hearing that her medications helped "to some degree." Tr. 97. However, this acknowledgment would seem to be at odds with her testimony that she has become more, rather than less, functionally impaired since she started the medication.

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 13

1 pain and started some quilting), 1557 (September 2014, reported Tegretol was helpful with hand
2 cramping, used to cramp with writing or washing dishes but improved with Tegretol), 1548
3 (November 2014, reported hand cramping improving). When considered in combination with
4 the relatively minimal and benign objective findings, the ALJ reasonably considered Ms.
5 Meacham's reports of improvement inconsistent with her testimony as to the severity of her
6 symptoms. *See, e.g., Morgan*, 169 F.3d at 599 (ALJ properly discounted the claimant's
7 testimony on the grounds that "contrary to [the claimant's] claims of lack of improvement, Dr.
8 Reaves reported that [the claimant's] mental symptoms improved with the use of medication.").

9 The ALJ also reasonably discounted Ms. Meacham's testimony based on inconsistent
10 statements and activities. Tr. 129. Specifically, the ALJ noted that Ms. Meacham testified at the
11 March 2015 hearing that the last time she had been able to paint, sew and quilt on a regular basis
12 was about 18 months earlier and that she had been unable to do so at all for the 6 months prior to
13 the hearing. Tr. 100, 129. However, the ALJ points out that in November 2014 she told a
14 provider "[I am] quite artistic: I paint, I sew." Tr. 129, 1490. Ms. Meacham argues that the ALJ
15 erred in relying on this treatment note because it did not specify whether she was currently
16 painting or sewing and, if so, how often. Dkt. 19 at 17. However, Ms. Meacham's statement
17 that she paints and sews is made in the present tense and while she does mention in the same
18 treatment note that she experiences hand cramping she does not indicate that it prevents her from
19 painting and sewing. Tr. 1490. The ALJ reasonably interpreted this statement to mean Ms.
20 Meacham was still engaging in painting and sewing at the time and that this was inconsistent
21 with her statement that she had been unable to engage in any of those activities for six months.
22 The ALJ also points to two other mentions of Ms. Meacham sewing, painting and quilting within
23 the 18 months leading up to the hearing. Tr. 129. While the treatment notes do not specify how

1  often she is engaging in these activities, the ALJ reasonably relied on these treatment notes as evidence that she continued to engage in these activities during that period. *See Molina*, 674 F.3d at 1112-13 ("Even where those activities suggest some difficulty in functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment."). Ms. Meacham again argues for alternative interpretations of these treatment notes but her arguments fail to establish the ALJ's interpretation was unreasonable. *See Thomas*, 278 F.3d 947, 954

In sum, the ALJ did not err in discounting Ms. Meacham's symptom testimony regarding pain and cramping in her hands.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 20th day of September, 2017.

_____
Thomas S. Zilly
United States District Judge